UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ELIZABETH KACZMAREK a/k/a                Case No. 11-15214
Elizabeth Hewson,                        Honorable Patrick J. Duggan
            Plaintiff,

v.

JPMORGAN CHASE BANK, N.A. and
FOX CHASE CONDOMINIUM
ASSOCIATION,
            Defendants.

_____/

## OPINION AND ORDER

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on_June 11, 2012.

PRESENT:   THE HONORABLE PATRICK J. DUGGAN
           U.S. DISTRICT COURT JUDGE

In this action, Elizabeth Kaczmarek ("Plaintiff") alleges that Defendants JPMorgan

Chase Bank, N.A. ("JPMorgan") and Fox Chase Condominium Association ("Fox Chase")

wrongfully prevented her from gaining access to her condominium.  Before the Court is

JPMorgan's motion for judgment on the pleadings, filed pursuant to Federal Rule of Civil

Procedure 12(c).  The matter has been fully briefed, and the Court heard oral argument on

May 17, 2012.  For reasons set forth below, the Court grants the motion in part.

## I. Background

On June 16, 2003, Plaintiff obtained a mortgage loan of $95,795 from Mortgage 1,

Incorporated.  This loan was secured by a mortgage on a condominium in the Fox Chase

condominium development, located in Clinton Township, Michigan.  Plaintiff was notified

that Flagstar Bank, FSB ("Flagstar") would be servicing her loan.

Shortly after the loan transaction was completed, Plaintiff's mortgage was assigned to Flagstar. The following year, Flagstar assigned the mortgage to Mortgage Electronic Registration Systems, Inc. ("MERS"). At some point, JPMorgan began servicing the loan, although it is unclear when this occurred. Plaintiff claims that she did not receive notice of the change in loan servicers. Compl. ¶ 31.

Plaintiff apparently failed to pay association dues owed to Fox Chase, and on March 28, 2011, Fox Chase filed a notice of lien on the property. Fox Chase foreclosed on this lien by advertisement, resulting in a sheriff's sale on June 9, 2011. At the sheriff's sale, Fox Chase obtained an interest in the property for $5,609.40.[1]

Before the six-month redemption period expired, Plaintiff and Fox Chase entered into an agreement whereby Fox Chase agreed not to seek possession of the property under its sheriff's deed. *See* Pl.'s Resp. Br. Ex. 10. Instead, the property would be rented out, with the rent applied toward the balance owed by Plaintiff to Fox Chase. Once the balance was paid, Fox Chase would abandon its claim under the sheriff's deed and quitclaim its interest to Plaintiff.

During August 2011, Plaintiff was cleaning out the property in preparation for it to be rented to a tenant. Plaintiff received a letter from JPMorgan dated August 12, 2011, demanding written confirmation as to whether the property was vacant. *See* Pl.'s Resp. Br. Ex. 11. This letter explained that if Plaintiff failed to provide written confirmation

---

[1] This amount is equal to the unpaid association dues plus interest, costs, and attorney's fees. *See* Michigan Compiled Laws § 559.208(1).

within eight days of the date of the letter, JPMorgan would be "required to secure the property to prevent damage and protect your interest, as well as ours, in the property." *Id.* According to the letter, this could include "such measures as changing the locks and winterizing the property if necessary." *Id.* It is not clear precisely when Plaintiff received this letter.

Plaintiff's attorney responded in a letter to JPMorgan dated August 18, 2011, stating:

> I am in receipt of your letter of August 12, 2011 and an responding on behalf of my client, Elizabeth Hewson . . . . Your letter requested confirmation that the property which is the subject of the above referenced loan number is being maintained by my client. Please accept this letter as confirmation of same.
>
> As such, there will be no need for you to "secure the property to prevent damage and protect" your interest in the property.

Compl. Ex. C. A copy of this letter presented by JPMorgan indicates with a date stamp that it received Plaintiff's correspondence on August 23, 2011. Def.'s Br. Ex. 7.

On August 23, 2011, JPMorgan secured the property. A lockbox was placed on the door, and Plaintiff claims that this lockbox was not removed despite the letter from her attorney and several follow-up calls regarding the property's status. Compl. ¶ 12.

Plaintiff filed this suit on November 9, 2011 in Macomb County Circuit Court. In her Complaint, she asserts the following claims: trespass (Count I); violation of Michigan Compiled Laws § 600.2918 (Count II); slander of title (Count III); breach of contract and violation of the Real Estate Settlement Procedures Act (Count IV); violation of the Michigan Consumer Protection Act (Count V); and a challenge to the validity of the sheriff's sale (Count VI).

2:11-cv-15214-PJD-MJH   Doc # 20   Filed 06/11/12   Pg 4 of 12   Pg ID 246

On November 28, 2011, JPMorgan removed the suit to this Court. Plaintiff dismissed her claims against Fox Chase pursuant to a stipulated order entered on December 7, 2011. JPMorgan is the only remaining defendant and now moves for judgment on the pleadings.

## II. Standard of Review

A motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure is subject to the same standards of review as a 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted. *Grindstaff v. Green*, 133 F.3d 416, 421 (6th Cir. 1998). A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint. *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996). Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." As the Supreme Court recently provided in *Iqbal*, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, --- U.S. ----, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1965). The plausibility standard "does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." *Twombly*, 550 U.S. at 556, 127 S. Ct.

4

at 1965.

In deciding whether the plaintiff has set forth a "plausible" claim, the court must accept the factual allegations in the complaint as true. *Id.*; *see also Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200 (2007). This presumption, however, is not applicable to legal conclusions. *Iqbal*, 129 S. Ct. at 1949. Therefore, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964-65). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. In conducting this analysis, the Court may consider the pleadings, exhibits attached thereto, and documents referred to in the complaint that are central to the plaintiff's claims. *See Greenberg v. Life Ins. Co. of Va.*, 177 F.3d 507, 514 (6th Cir. 1999).

### III. Discussion

At the outset, the Court notes that Plaintiff has agreed to dismiss Count V, her claim for violation of the Michigan Consumer Protection Act. *See* Pl.'s Resp. at 2. Plaintiff also made clear at oral argument that Count VI, which challenged the validity of the sheriff's sale, was directed solely against Fox Chase. The Court therefore dismisses these claims with respect to JPMorgan. The Court shall address Plaintiff's remaining claims in turn.

### A. Trespass Claim

"'A trespass is an unauthorized invasion upon the private property of another.'" *Am. Transmission, Inc. v. Channel 7 of Detroit, Inc.*, 239 Mich. App. 695, 705, 609 N.W.2d

607, 613 (Mich. Ct. App. 2000) (citing *Cloverleaf Car Co. v. Phillips Petroleum Co.*, 213 Mich. App. 186, 195, 540 N.W.2d 297, 302 (Mich. Ct. App. 1995)).  Consent is an affirmative and absolute defense to a claim of trespass.  *Id.* at 705-06, 609 N.W.2d at 613.

JPMorgan argues that Plaintiff's trespass claim fails due to consent.  This argument is based on a clause in Plaintiff's mortgage providing as follows:

> Lender may inspect the Property if the Property is vacant or abandoned or the loan is in default.  Lender may take reasonable action to protect and preserve such vacant or abandoned Property.

Compl. Ex. A § 5.  JPMorgan contends that securing Plaintiff's property was reasonable and therefore authorized by the mortgage.  Plaintiff argues that it was unreasonable to require receipt of written confirmation regarding the property's vacancy only eight days after the date of JPMorgan's letter.  It is not clear precisely when Plaintiff received this letter and whether she had any meaningful opportunity to deliver the requested confirmation before the property was secured.  JPMorgan has not pointed to any authority indicating that the process used here is *per se* reasonable, and the Court does not believe that this dispute can be resolved in a motion for judgment on the pleadings.  For purposes of this motion, the Court must review the Complaint in a light most favorable to Plaintiff.  *See Severe Records, LLC v. Rich*, 658 F.3d 571, 578 (6th Cir. 2011).  Viewed in this light, Plaintiff's allegations are sufficient to establish that JPMorgan exceeded the scope of the consent granted in the mortgage agreement when it secured Plaintiff's property.

Even assuming that JPMorgan acted reasonably in initially securing the property, it is not clear that its subsequent refusal to remove the lockbox was proper.  Failure to remove an object placed on another's land after consent is revoked constitutes a trespass.

6

*Rogers v. Kent Bd. of Cnty. Rd. Comm'rs*, 319 Mich. 661, 666, 30 N.W.2d 358, 360 (Mich. 1947). Plaintiff claims that the lockbox was not removed and that she was denied access to the property even after making multiple requests. Compl. ¶ 12. The Court must accept this allegation as true for purposes of JPMorgan's motion. It is irrelevant that the sheriff's sale had already taken place, because the redemption period had not yet expired. "During the redemption period, mortgagors retain possession and the benefits of ownership of the property, in addition to the statutory right of redemption." *Ruby & Assocs., P.C. v. Shore Fin. Servs.*, 276 Mich. App. 110, 118, 741 N.W.2d 72, 78 (Mich. Ct. App. 2007). Plaintiff was thus entitled to the right of possession at the time she was locked out of the property. Accordingly, the Court concludes that Plaintiff's trespass claim cannot be dismissed at this time.

**B. Violation of Michigan Compiled Laws § 600.2918**

JPMorgan argues that Plaintiff's claim under Michigan Compiled Laws § 600.2918 fails because this statute applies only to landlord-tenant relationships. The statute's plain language does not appear to impose such a restriction:

> *Any person who is ejected or put out of any lands* or tenements in a forcible and unlawful manner, or being out is afterwards held and kept out, by force, if he prevails, is entitled to recover 3 times the amount of his actual damages or $200.00, whichever is greater, in addition to recovering possession.

Michigan Compiled Laws § 600.2918(1) (emphasis added). Michigan courts do not read requirements into a statute that were not included by the legislature, *Empire Iron Mining P'ship v. Orhanen*, 455 Mich. 410, 423, 565 N.W.2d 844, 850 (Mich. 1997), and the Court declines JPMorgan's invitation to do so here. Plaintiff also notes that the Michigan Court

of Appeals has applied this statute in a case not involving a landlord-tenant relationship. *See Kiley v. Chase Manhattan Mortg. Co.*, No. 277783, 2008 Mich. App. LEXIS 1441, at *19 (Mich. Ct. App. July 15, 2008) (per curiam).  This suggests that the statute is to be read as broadly as its text indicates.

JPMorgan further asserts that Plaintiff's claim fails because she has not pleaded that violent force was used to prevent her from entering the property.  JPMorgan cites case law holding that only "personal violence" or "riotous" force is actionable under this statute. *See Shaw v. Hoffman*, 25 Mich. 162, 169 (Mich. 1872)*; United Coin Meter Co. v. Lasala*, 98 Mich. App. 238, 241, 296 N.W.2d 221, 223 (Mich. Ct. App. 1980).  Michigan courts seem to have recently adopted a more inclusive definition of "force" in this context.  "In the distant past, courts interpreted the force necessary to violate an anti-lockout statute as 'riotous' or violent force used or threatened against a person and designed 'to inspire terror or alarm.'"  *J. Franklin Interests, L.L.C. v. Mu Meng*, No. 296525, 2011 Mich. App. LEXIS 1712, at *13 (Mich. Ct. App. Sep. 29, 2011) (per curiam) (citing *Shaw*, 25 Mich. at 169).  Noting that "the legal conception of 'force' has evolved over time," the Michigan Court of Appeals concluded in *Mu Meng* that merely locking out a plaintiff is a sufficient use of "force" to give rise to liability under Michigan Compiled Laws § 600.2918(1).  *Mu Meng*, 2011 Mich. App. LEXIS 1712, at *13-16.  Plaintiff has alleged that she was locked out of her condominium by JPMorgan, despite being entitled to possession of the property. Compl. ¶¶ 17-20.  This appears to state a plausible claim under the Michigan statute.

## C. Slander of Title

Plaintiff's claim for slander of title concerns the posting of a notice on the door of

her condominium.  Plaintiff alleges that JPMorgan posted a notice on or about August 23, 2011, indicating that JPMorgan had "completed a foreclosure proceeding on the property." Compl. ¶ 23; *see* Compl. Ex. B.  Plaintiff alleges that JPMorgan has never foreclosed on the property.  Compl. ¶ 24.  "To establish slander of title at common law, a plaintiff must show falsity, malice, and special damages, i.e., that the defendant maliciously published false statements that disparaged a plaintiff's right in property, causing special damages." *B & B Inv. Grp. v. Gitler*, 229 Mich. App. 1, 8, 581 N.W.2d 17, 20 (Mich. Ct. App. 1998) (per curiam).  The Court believes that Plaintiff has asserted a plausible claim based on the allegedly false statements regarding her property interest.

JPMorgan asserts that the redemption period expired following the sheriff's sale to Fox Chase, and argues that this claim should be dismissed because Plaintiff no longer possesses any interest in the property.  Plaintiff's agreement with Fox Chase, however, specifically tolls the redemption period with respect to her rights.  Pl.'s Resp. Br. Ex. 10 at ¶ 6.  Under this agreement, Plaintiff retained an interest in the property.  She may therefore bring a claim of slander of title based on that interest.

JPMorgan asserts in its reply brief that Plaintiff has not pleaded facts from which malice can be inferred.  Plaintiff has alleged that JPMorgan posted a notice stating that it had foreclosed on the property, even though it had not instituted foreclosure proceedings. If a false statement was published by JPMorgan, it is possible to infer that JPMorgan had the requisite state of mind.  For purposes of JPMorgan's motion, the Court must draw all reasonable inferences in Plaintiff's favor.  The inference of malice is further supported by JPMorgan's alleged refusal to allow Plaintiff to access the property despite numerous

9

requests.  This indicates that JPMorgan knowingly deprived Plaintiff of possession of her

property.  Michigan courts have typically found that a defendant's state of mind presents a

question of fact.  *See Mich. Nat'l Bank-Oakland v. Wheeling*, 165 Mich. App. 738, 744-45,

419 N.W.2d 746, 749 (Mich. Ct. App. 1988) ("In cases involving questions of intent,

credibility, or state of mind, summary judgment is hardly ever appropriate.").

**D. Breach of Contract and RESPA Claims**

Count IV focuses on the servicing of Plaintiff's loan.  Plaintiff alleges that she was

told at the closing that Flagstar would be servicing the loan.  Compl. ¶ 30.  She alleges that

at some point, JPMorgan began servicing the loan without providing her "proper notice."

*Id.* ¶ 31.  Based on these allegations, the Complaint purports to raise claims of breach of

contract and violation of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C.

§ 2601 *et seq.*

JPMorgan argues that these allegations fail to state a claim for breach of contract,

and the Court agrees.  "Under Michigan law, the elements of a breach of contract claim

are: (1) the existence of a contract between the parties, (2) the terms of the contract require

performance of certain actions, (3) a party breached the contract, and (4) the breach caused

the other party injury."  *Burton v. William Beaumont Hosp.*, 373 F. Supp. 2d 707, 718

(E.D. Mich. 2005) (citing *Webster v. Edward D. Jones & Co., L.P.*, 197 F.3d 815, 819 (6th

Cir. 1999)).  Plaintiff has not pointed to any contract provisions requiring notice of a

change in servicers.  The "RESPA Servicing Disclosure" signed by Plaintiff indicates that

the requirement of notice is imposed by statute, rather than the loan agreement.  *See*

Compl. Ex. A at 12.  The disclosure requirements relate to the assignment of contractual

10

obligations, but this does not mean that violations of RESPA also constitute breaches of the related contracts.  The Court therefore dismisses the breach of contract claim.

As for the RESPA claim, JPMorgan argues that Plaintiff has failed to plead actual damages resulting from the alleged RESPA violation.  Plaintiff's claim that she did not receive proper notice of the change in servicers arises under 12 U.S.C. § 2605(f).  A plaintiff asserting a claim under § 2605(f) must allege that she was actually harmed by the RESPA violation.  *Drew v. Kemp-Brooks*, 802 F. Supp. 2d 889, 898 (E.D. Mich. 2011); *Battah v. Resmae Mortg. Corp.*, 746 F. Supp. 2d 869, 876 (E.D. Mich. 2010).  The Court finds no allegations linking Plaintiff's damages to the alleged failure to provide notice.  Plaintiff alleged injuries were caused by JPMorgan's exercise of control over the property, as this has prevented Plaintiff from leasing the condominium.  There is no indication that the outcome would have been any different if Plaintiff had received a notice stating that JPMorgan would be servicing her loan.  Because Plaintiff has not pleaded facts indicating that she was harmed by the alleged RESPA violation, her claim must be dismissed.

## IV. Conclusion

For the reasons set forth above, the Court finds that Plaintiff has asserted plausible claims against JPMorgan for trespass, violation of Michigan Compiled Laws § 600.2918, and slander of title.

The Court concludes, however, that the breach of contract and RESPA claims must be dismissed.  Pursuant to Plaintiff's stipulation, the Court dismisses Counts V and VI, which asserted claims under the Michigan Consumer Protection Act and challenged the validity of the sheriff's sale.

Accordingly,

**IT IS ORDERED** that JPMorgan's motion for judgment on the pleadings is **GRANTED** with respect to the following claims: "Breach of Contract and RESPA" (Count IV); "Breach of the Michigan Consumer Protection Act" (Count V); and "Action Challenging Sheriff's Sale as Invalid" (Count VI). JPMorgan's motion is **DENIED** with respect to the following claims: "Trespass" (Count I); "Action to Regain Possession and Damages and/or Injunctive Relief Under MCL 600.2918" (Count II); and "Slander on Title" (Count III).

s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Copies to:
Diane L. Hewson, Esq.
James F. Hewson, Esq.
Michael J. Bocik, Esq.
Kyle R. Dufrane, Esq.
Nasseem S. Ramin, Esq.